UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DR. MICHELLE G. SCOTT,**

    **Plaintiff,**

v.                                                                         Case No.  8:14-cv-1762-T-30TBM

**SARASOTA DOCTORS HOSPITAL,
INC., et al.,**

    **Defendants.**
_____/

# ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for New Trial (Dkt. 152) and Defendant Sarasota Doctors Hospital, Inc.'s Memorandum in Opposition (Dkt. 165).  The Court, having reviewed the filings and being otherwise advised in the premises, denies Plaintiff's motion.

# DISCUSSION

Plaintiff requests that the Court order a new trial because she contends that: (1) the jury's verdict was against the great weight of the evidence and (2) relevant evidence was improperly excluded.  Plaintiff has not met the high burden of proving entitlement to a new trial.

Under Fed. R. Civ. P. 59(a), a party may move for a new trial no later than twenty-eight days after the entry of judgment.  "A judge should grant a motion for a new trial when 'the verdict is against the clear weight of the evidence or will result in a miscarriage of

justice, even though there may be substantial evidence which would prevent the direction of a verdict.'" *Lipphardt v. Durango Steakhouse of Brandon, Inc.*, 267 F.3d 1183, 1186 (11th Cir. 2001) (quoting *Hewitt v. B.F. Goodrich Co.*, 732 F.2d 1554, 1556 (11th Cir. 1984)). Notably, with respect to evidentiary issues, a new trial should not be granted "unless, at a minimum, the verdict is against the great—not merely the greater—weight of the evidence." *Myers v. TooJay's Mgmt. Corp.*, 640 F.3d 1278, 1287 (11th Cir. 2011); *see also Redd v. City of Phenix City, Ala.*, 934 F.2d 1211, 1215 (11th Cir. 1991) ("When there is some support for a jury's verdict, it is irrelevant what we or the district judge would have concluded.").

Plaintiff asserts that the jury's verdict finding that Defendant was not her joint employer was against the great weight of the evidence. The Court disagrees. As Defendant points out in its response, there was ample evidence to support the jury's finding through the testimony of Dr. Michael Schandorf, Ted Haumesser, Tamika Baker, Theresa Levering, Bob Meade, Plaintiff, and Dr. Joel Stern. At the close of trial, the Court instructed the jury on the applicable law, including the factors to weigh in determining joint employment. The evidence presented at trial was more than sufficient to allow the jury to weigh those factors and find that Defendant was not Plaintiff's joint employer.

Plaintiff also asserts that a new trial is warranted because the Court excluded a "me too" fact witness. Plaintiff proffered that Dr. Vasile, the "me too" witness, would discuss her personal interactions with Bob Meade as evidence of gender discrimination. The Court questioned Plaintiff about the relevance of Dr. Vasile's testimony, considered the parties' case law on the issue, and excluded Dr. Vasile's testimony. The Court need not repeat its

reasoning here and does not depart from that ruling.  The exclusion of Dr. Vasile had no impact on the verdict.  Simply put, the jury returned a verdict for Defendant on the sole issue of joint employment.  Plaintiff does not establish how Dr. Vasile's testimony would have been relevant to that issue.

It is therefore **ORDERED AND ADJUDGED** that Plaintiff's Motion for New Trial (Dkt. 152) is denied.

**DONE** and **ORDERED** in Tampa, Florida on March 7, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2014\14-cv-1762.newtrial-152-deny.wpd